The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission Roger Dillard. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On December 1, 1993, the plaintiff was an employee of the defendant Conitex USA, Inc. and both parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. American Motorists Insurance Company was the compensation carrier on the risk.
3. The parties have stipulated into evidence previously submitted Forms 18, 19, 33 and 33R, as well as a package of medical records marked Stipulated Exhibit Number 1.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by defendant Conitex USA beginning October 11, 1993 in the maintenance department. His duties included assisting in repairing machinery, welding, making parts on a lathe and cleaning filters. These duties required the lifting of shafts and other machinery components at times weighing in excess of one hundred pounds. The job required walking and standing throughout the entire shift, except for a lunch break, and frequent climbing of ladders to work on dryers or to change filters on the roof of the building.
2. From the credible evidence submitted by plaintiff concerning his wages, his average weekly wage is determined to have been $550.00.
3. On December 1, 1993, plaintiff was asked to change the filters on the roof of the building. To get to the roof, plaintiff climbed a fully vertical ladder attached to an interior wall and leading to an access door to the roof. Plaintiff climbed to the roof and changed the filters.
4. Plaintiff was most of the way back down the ladder when, as he put his left foot on a rung of the ladder, the front of the foot popped up and the back slid off the rung and he held on to the ladder. Plaintiff immediately felt pain in his foot.
5. The slip of the left foot and the slide down the ladder to the next rung constituted an unlooked for or untoward event.
6. Plaintiff completed his climb down to the floor and worked with the foot until he could put his weight on it. He then went back to his work site and reported the injury to his supervisor, Robert Vasquez. By the end of the work week, he was no longer able to put weight on the foot, so he sought treatment at First Health at Mr. Vasquez's recommendation.
7. Plaintiff was then referred to Dr. James A. Saunders, who placed him in a cast and returned him to work. Throughout the period of treatment by First Health and Dr., Saunders, defendant Conitex provided light-duty employment which plaintiff accepted.
8. Plaintiff had continuing problems with the cast on his foot. When it was removed on January 10, 1994, the foot was badly bruised. Dr. Saunders told plaintiff to return to work, soak the foot three to four times a day, and to do the best he could.
9. On January 12, 1994, plaintiff went to the Nalle Clinic for further treatment, where he was taken out of work, referred to Gaston Memorial Hospital for physical therapy and eventually referred to Dr. Sebold, an orthopedic surgeon specializing in foot and ankle surgery at Charlotte Orthopedic Specialists.
10. When plaintiff first saw Dr. Sebold on March 7, 1994, the diagnosis was a mid-foot sprain with possible early reflex sympathetic dystrophy. Dr. Sebold placed plaintiff in a "camwalker boot," a removable type of cast. He returned him to work, restricting him to no standing longer than ten minutes per hour, no climbing or walking.
11. By June 13, 1994, Dr. Sebold was still recommending two months more of light-duty work. Possible future treatment may include custom orthotics, a brace or exploratory surgery.
12. The treatment of First Health, Dr. Saunders, Nalle Clinic, Gaston Memorial Hospital and Dr. Sebold have all either helped to effect a cure, provide relief or lessen the period of disability of plaintiff from the symptoms caused by the slip down the ladder.
13. Conitex did not offer plaintiff any light-duty work within the restrictions given by Dr. Sebold.
14. Plaintiff then looked elsewhere for work and found a job operating a backhoe on August 30, 1994. This job provided compensation at the same or better wages as he earned with Conitex.
15. As the date of hearing, plaintiff had been able to perform the backhoe job despite continuing problems with his foot. He has not yet reached maximum medical improvement.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment by the slip and fall on the ladder, which was an unlooked for or untoward event. N.C. Gen. Stat. § 97-2 (6).
2. As the treatment provided to plaintiff by First Health, Dr. Saunders, Nalle Clinic, Gaston Memorial Hospital and Dr. E. James Sebold were reasonably necessary to effect a cure, give relief or lessen the period of disability of plaintiff's compensable injury, the charges for services rendered by these providers are part of the medical compensation due plaintiff. N.C. Gen. Stat. § 97-2 (19); N.C. Gen. Stat. § 97-25.
3. Plaintiff was temporarily totally disabled from January 12, 1994 until August 30, 1994. N.C. Gen. Stat. § 97-29
4. As plaintiff has not reached maximum medical improvement, he is entitled to further medical care by his treating physician for any treatment that may reasonably be required to effect a cure, give relief or lessen the period of disability due to plaintiff's compensable injury. N.C. Gen. Stat. § 97-2 (19); N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendants shall pay all medical expenses incurred by plaintiff as a result of the December 1, 1993 injury by accident, when bills for the same have been submitted to the defendant-carrier for payment.
2. Subject to counsel fee, defendants shall compensate plaintiff for 34 1/7 weeks at a rate of $366.69 per week. All of said compensation having accrued, it shall be paid in a lump sum without commutation.
3. An attorney fee of 25% of the compensation awarded to the plaintiff is hereby approved and allowed to plaintiff's attorney. Said attorney fee shall be deducted from the compensation payable to the plaintiff and paid directly to said attorney.
4. Defendants shall pay the costs due this Commission.
FOR THE FULL COMMISSION
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
CMV/mj 9/13/95